**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4632**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHRISTOPHER V. JOHNSON, a/k/a Christopher Miller, a/k/a Milla
on Deck,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. James K. Bredar, District Judge. (1:14-
cr-00356-JKB-1)

_____

Submitted: July 21, 2016          Decided: July 25, 2016

_____

Before SHEDD, AGEE, and WYNN, Circuit Judges.

_____

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

_____

Thomas J. Saunders, Baltimore, Maryland, for Appellant. Zachary
Augustus Myers, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher V. Johnson pled guilty to conspiracy to commit bank fraud, 18 U.S.C. § 1349 (2012), and aggravated identity theft, 18 U.S.C. § 1028(a)(1), (c)(4), (c)(5) (2012); 18 U.S.C. § 2 (2012). The district court sentenced him to 78 months on the bank fraud charge and a consecutive 24 months for the identity theft. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the propriety of the sentencing enhancements imposed for leadership role, obstruction of justice, and engaging in reckless and dangerous behavior. Counsel also questions whether the district court properly computed Johnson's criminal history category and whether trial counsel provided effective assistance. Although advised of his right to file a pro se supplemental brief, Johnson has not done so. The Government has filed a motion to dismiss the appeal based on the appeal waiver in Johnson's plea agreement. We affirm in part, and dismiss in part.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo, and we "will enforce the

2

waiver if it is valid and the issue appealed is within the scope of the waiver." Id. at 354-55 (citing Blick, 408 F.3d at 168).

We have reviewed the plea agreement and the Fed. R. Crim. P. 11 hearing, and we conclude that Johnson's guilty plea and his appeal waiver were knowing and voluntary. We therefore conclude that the waiver is valid and enforceable. Johnson's challenges to the enhancements to his sentence and to the computation of his criminal history category are squarely foreclosed by the appellate waiver. Accordingly, we grant the Government's motion to dismiss the appeal, in part.

Johnson also asserted that he was denied the effective assistance of trial counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish that counsel provided ineffective assistance to Johnson, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the record for any potentially meritorious, unwaived issues, and we have found

3

none.  We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Johnson, in writing, of his right to petition the Supreme Court of the United States for further review.  If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Johnson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART